**Nimet GENI, Petitioner,**

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES, Respondent.**

**No. 03–40436–AG.**

United States Court of Appeals, Second Circuit.

Jan. 24, 2006.

Theodore N. Cox, New York, New York, for Petitioner.

Michael J. Sullivan, United States Attorney for the District of Massachusetts, Christopher R. Donato, Assistant United States Attorney, Tobey Glazier, Law Stu-

dent, Boston, Massachusetts, for Respondent.

PRESENT: Hon. JOHN M. WALKER, Jr., Chief Judge, Hon. CHESTER J. STRAUB, and Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is hereby DENIED.

In June 2001, Geni, a native and resident of Montenegro, filed an application for asylum, withholding of removal and CAT relief. We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA summarily affirms the immigration judge ("IJ"), we review the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). We review factual findings under the substantial evidence standard, *see* 8 U.S.C. § 1252(b)(4)(B), and we review de novo the IJ's determination of mixed questions of law and fact, as well as the the IJ's application of law to facts. *Poradisova v. Gonzales,* 420 F.3d 70, 77 (2d Cir.2005).

The IJ credited Geni's testimony but denied his application on two alternative bases: that the past abuse described by Geni did not rise to the level of persecution and that, even if it did, country conditions in Montenegro were sufficiently improved to rebut any presumption of a risk of future persecution. The BIA affirmed the IJ's decision in its entirety. We do not reach the validity of the IJ's first ground as we agree with the BIA that the IJ had a substantial basis for finding sufficiently improved country conditions. Specifically,

the IJ cited specific evidence in the State Department Report of improvements in the Human Rights situation for ethnic Albanians in Montenegro, as well as a lack of evidence of systematic persecution or evidence that Geni's family continues to be targeted. Moreover, Geni failed to produce any evidence to rebut this evidence.

Geni also claims that, by issuing an affirmance without opinion, the BIA failed to follow the regulations and denied his due process rights. This Court has held that the BIA's summary affirmance procedure does not violate due process. *See Yu Sheng Zhang v. United States Dep't of Justice,* 362 F.3d 155 (2d. Cir.2004). Furthermore, the BIA's affirmance of this particular case without opinion, did not violate Geni's due process rights or the applicable regulation. The Government correctly argues that the "IJ's detailed decision in this case provided ample basis for appellate review, and Geni raised no substantial or factual issues on appeal to the BIA that would have warranted an opinion by the BIA."

Geni has not challenged the IJ's denial of his CAT claim in his brief to this Court. Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the stay of removal previously granted in this petition is VACATED.